United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50534
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL GARCIA-GARCIA,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:04-CR-852-ALL
---------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Raul Garcia-Garcia (Garcia) pleaded guilty to illegal
reentry and was sentenced to 41 months of imprisonment, three
years of supervised release, and a $100 special assessment.
Garcia appeals his sentence, arguing that the district court
mistakenly believed that the Sentencing Guidelines were mandatory
when it sentenced him.  In addition, Garcia argues that his
sentence is unreasonable and that the enhancement provisions of 8

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 1326(b) are unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

The record belies Garcia's contention that the district court sentenced him believing that the Guidelines were still mandatory. At sentencing, the district court stated that it knew that it was not bound by the Guidelines. Furthermore, there is no indication that the sentence the district court imposed, which was at the low end of the guidelines range of imprisonment, was unreasonable. See <u>United States v. Alonzo</u>, 435 F.3d 551, 554 (5th Cir. 2006).

Garcia's constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although Garcia contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. See <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Garcia properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.